UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| Marion Irby, | ) | C/A No.: 6:07-1211-GRA |
|---|---|---|
| Petitioner, | ) | **ORDER** |
| | ) | (Written Opinion) |
| v. | ) | |
| United States of America, | ) | |
| Respondent, | ) | |

This matter comes before the Court on Petitioner's May 8, 2009 Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. The Court GRANTS the Request to Vacate and Reinstate Petitioner's sentence in order to allow Petitioner to file a direct appeal but DENIES all other grounds in Petitioner's motion as it is clear from the record that Petitioner is not entitled to relief on the other bases asserted in his motion.

Petitioner brings this motion *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard that those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, 439 U.S. 970 (1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Cruz v. Beto*, 405 U.S. 319 (1972).

## **BACKGROUND**

1

Petitioner was named in a three-count indictment filed in the District of South Carolina on October 9, 2007. Petitioner was charged with one (1) count of felon in possession of a firearm; one (1) count of possession of marijuana with intent to distribute; and one (1) count of possession of a firearm during and in furtherance of a drug trafficking crime. On October 30, 2007, Petitioner was arrested. James Loggins represented Petitioner. On January 2, 2008, Petitioner pled guilty to one (1) count of felon in possession of a firearm. The government dropped the other counts in the indictment.

On July 2, 2008, Petitioner was sentenced to one-hundred eighty-eight (188) months imprisonment and five (5) years of supervised release. On July 14, 2008, the Court issued a Judgment.

## **DISCUSSION**

Petitioner asserts nine separate grounds in support of his § 2255 Motion to Vacate, Set Aside, or Correct Sentence. First, he alleges that the information contained in the Pre-Sentence Report is inaccurate concerning his prior convictions. Second, he claims counsel was ineffective for failing to file an objection to the inaccurate information in the Pre-Sentence Report. Third, he claims the Pre-Sentencing Report is inaccurate for counting his prior burglary convictions as five burglaries. Fourth, he claims counsel was ineffective for failing to object to the miscalculation regarding the burglary convictions. Fifth, he claims counsel was ineffective for failing to object to the use of a traffic misdemeanor as a predicate

offense.  Sixth, he claims counsel was ineffective for failing to object to the specific offense characteristic enhancement contained in the Pre-Sentence Report. Seventh, he claims counsel was ineffective for failing to make Petitioner aware of the magnitude of his sentence.  Eighth, he claims counsel was ineffective for failing to object to Government's breach of plea agreement.  Finally, he claims counsel was ineffective for failure to file notice of appeal.  The Court will address the grounds in the following order: (1) inaccuracy of the Pre-Sentence Report and (2) ineffective assistance of counsel.

**I. Pre-Sentence Report**

Petitioner argues that information contained in his Pre-Sentence Report was inaccurate.  His argument consists of two separate contentions: (1) that his juvenile convictions should not count as predicate offenses under the Armed Career Criminal Act ("ACCA") and (2) that his burglary convictions should not be considered as five separate burglaries.

**A. Juvenile convictions**

Petitioner cites only one case, *United States v. Tighe*, 266 F.3d 1187 (9th Cir. 2001), in support of his argument that his prior convictions should not count as predicate offenses under the ACCA.  *Tighe* stands for the proposition that juvenile convictions cannot be used as predicate offenses under the ACCA because it would result in due process violations.  While *Tighe* does provide some guidance to that issue, it does not control the disposition here because the offenses in this case are

3

not juvenile offenses. The South Carolina Youthful Offender Act ("Youthful Offender Act") is an act designed to assist young offenders by giving them the benefit of a lighter sentence; the act does not apply to juvenile offenses. Petitioner was sentenced under the Youthful Offender Act; therefore his convictions were not juvenile convictions. Petitioner can not use *Tighe* as a basis to withdraw these convictions as predicate offenses under ACCA.

However, the Youthful Offender Act only applies to non-violent crimes. *See* S.C. Code Ann. § 24-19-10 (2005). To count as a predicate offense under the ACCA, the crimes must be either a violent felony or a serious drug offense. *See* 18 U.S.C. § 924(e). Because Petitioner was sentenced under the Youthful Offender Act, those particular convictions cannot count as predicate offenses. Regardless, the ultimate result remains the same. Only one of Petitioner's convictions falls under the Youth Offender Act. Ignoring this conviction would still result in Petitioner meeting the three predicate offenses requirement for enhancement under the ACCA. Therefore, this argument is without merit.

### B. Burglary convictions

Petitioner claims that his five separate burglary convictions should only be counted as two convictions because the burglaries involve the same people. Petitioner cites *United States v. Stearns*, 387 F.3d 104 (1st Cir. 2004), as support for his argument. The First Circuit in *Stearns* held that offenses are not considered separate if the offenses consist of a continuous course of conduct. *Id.* at 109.

4

However, the First Circuit in *Stearns* stated that "the fact that two crimes involve the same victim does not necessarily prevent those crimes from being considered 'separate,' even though the time interval between them may have been quite brief." *Id.* Petitioner has not shown how the burglaries were a continuous course of conduct; he only states that the burglaries were against the same victim. Therefore, the burglaries can be considered as separate offenses.

Even if Petitioner is correct, this fact would have no bearing on the outcome. Only three predicate offenses are necessary to trigger an ACCA sentence. *See* 18 U.S.C. § 924(e). Petitioner meets this requirement without using the burglary convictions.

## II. Ineffective Assistance of Counsel

"[T]he right to counsel is the right to the effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 685 (1984) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 n. 14 (1970)). The purpose of this requirement is to ensure each criminal defendant receives a fair trial. *Strickland*, 466 U.S. at 686. Petitioner must show two things to evince ineffective assistance of counsel: (1) attorney error-that the attorney's representation fell below an objective standard of reasonableness; and (2) prejudice-"that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

### A. Failure to file an objection to information in the Pre-Sentence Report

Petitioner argues that he received ineffective assistance of counsel when his trial counsel failed to file an objection to information in the Pre-Sentencing Report. Petitioner fails to show that counsel's assistance fell below an objective standard of reasonableness. As stated above, the Pre-Sentence Report objections were found to be without merit. Counsel acted reasonably in not pursuing those objections as the objections would not have assisted Petitioner.

### B. Failure to object to the use of a traffic misdemeanor as a predicate offense

Petitioner argues that he received ineffective assistance of counsel when his trial counsel failed to object to the use of petitioner's failure to stop for law enforcement conviction in 2004. Petitioner is not prejudice by counsel's failure to object. Petitioner's 1992, 1993, and 1997 offenses produce the requisite number of offenses for the ACCA to apply without considering the 2004 conviction.

### C. Failure to object to the specific offense characteristic enhancement

Petitioner argues that he received ineffective assistance of counsel when his trial counsel failed to object to the specific offense characteristic enhancement. The Pre-Sentence Report calculated Petitioner's offense level, including the specific offense enhancement, at 28. Petitioner had three prior convictions for a violent felony or serious drug offense, which classified Petitioner as an armed career criminal, resulting in an offense level of 34. The offense level of 34 should be used

when that level is higher than previously calculated offense levels. Therefore, Petitioner was not prejudiced by counsel's failure to object as it would have not changed the offense level ultimately used for sentence calculation.

### D. Failure to make Petitioner aware of the true magnitude of his sentencing exposure

Petitioner argues that he received ineffective assistance when his trial counsel failed to make Petitioner aware of the true magnitude of his sentencing exposure. Petitioner has failed to show how he was prejudiced from counsel's actions in this matter. Counsel made Petitioner aware of the minimum and maximum sentence he could receive. At sentencing, Petitioner received the minimum sentence possible according to the guidelines. Petitioner shows no prejudice resulting from counsel's representations to Petitioner.

### E. Failure to object to Government's breach of plea agreement

Petitioner argues that his counsel was ineffective for failing to object to Government's breach of plea agreement. The Government claims in their answer that there was no written plea agreement. (Gov't Answer at 9). In addition, Petitioner fails to allege that an actual plea agreement existed; he merely alleges that he had conversations with his counsel concerning potential sentences. Petitioner's argument is without merit.

### F. Failure to file notice of appeal

Petitioner contends that his trial counsel did not file a timely notice of appeal as he allegedly requested. In an abundance of caution, this Court will assume that Petitioner requested an appeal. It is clear that this alleged omittance would be ineffective assistance of counsel. *See United States v. Peak*, 992 F.2d 39 (4th Cir. 1993). However, this Court has the authority to vacate the sentence and immediately reimpose and reinstate Petitioner's judgment of conviction. *Id.* at 42. This action will allow Petitioner to take a timely appeal pursuant to Fed. R. App P. 4(b) & (c). *See id.*

IT IS THEREFORE ORDERED that Petitioner's sentence be VACATED and his judgement of conviction be IMMEDIATELY REIMPOSED and REINSTATED, with the same date of imposition of judgment, so that he can file a timely appeal.

IT IS FURTHER ORDERED that Petitioner's remaining claims be DISMISSED.

IT IS SO ORDERED.

_____
G. Ross Anderson, Jr.
Senior United States District Judge

August  18 , 2009
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal **this Order** within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified within Rule 4, **will waive the right to appeal**.