UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Marion Irby, | ) | |
| | ) | C/A No.: 6:11-cv-70085-GRA |
| Petitioner, | ) | (Cr. No.: 6:07-cr-01211-GRA) |
| | ) | |
| v. | ) | **ORDER** |
| | ) | (Written Opinion) |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter comes before the Court on Petitioner Marion Irby's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion").  After reviewing Petitioner's § 2255 Motion and the records in this case, the Court finds it may render a decision on the Motion without a hearing.  *See* 28 U.S.C. § 2255(b) (2006).  For the following reasons, the Court dismisses Petitioner's § 2255 Motion.

## Background

Defendant pled guilty to one count of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) (2006).  The criminal history section of Petitioner's Presentence Investigation Report ("PSR") noted that Petitioner had ten armed career criminal predicate convictions—nine burglary convictions, and one conviction for failure to stop for a blue light—and recommended that Petitioner be sentenced as

Page 1 of 6

an armed career criminal.[1]  Petitioner did not object to any portion of his PSR.  This Court found that Petitioner qualified as an armed career criminal and sentenced Petitioner to 188 months imprisonment.[2]

Petitioner appealed his sentence, arguing that eight of his burglary convictions were not predicate offenses because he had broken into commercial buildings, rather than dwellings.  The Fourth Circuit Court of Appeals affirmed.  Noting that under *Taylor v. United States*, 495 U.S. 575, 599 (1990), burglary of a non-dwelling can serve as an armed career criminal predicate conviction, the Fourth Circuit concluded Petitioner "was properly sentenced as an armed career criminal."  *United States v. Irby*, No. 09-4897, 2011 WL 915791, at *1 (4th Cir. Mar. 17, 2011) (per curiam).

Petitioner then filed his § 2255 Motion, again challenging his being sentenced as an armed career criminal.  In addition to re-arguing that his convictions for burglary of commercial buildings are not predicate offenses, he raises two additional claims: (1) under *United States v. Rivers*, 595 F.3d 558 (4th Cir. 2010), his conviction for failure to stop for a blue light should is not a predicate offense; and (2) he did receive adequate notice of which of his prior convictions were used as the basis for his armed career criminal sentence.

---

[1]    Only three predicate offenses are required to trigger the enhanced sentencing regime for armed career criminals.  *See* 18 U.S.C. § 924(e) (2006); *United States Sentencing Guidelines Manual* ("U.S.S.G.") § 4B1.4 (2007).

[2]    This Court later reduced Defendant's prison sentence to ninety-four months.  (Amended Judgment 2, ECF No. 90.)

## Standard of Review

Section 2255 provides that a prisoner in custody under sentence of a federal court may petition the court that imposed the sentence to vacate, set aside, or correct the sentence.  The court may grant relief if (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court lacked jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255(a).  Generally, a petitioner must prove these grounds by a preponderance of the evidence.  *Miller v. United States*, 261 F.2d 546, 546 (4th Cir. 1958) (per curiam).

In deciding a motion under § 2255, the court need not hold a hearing if the motion and the case record "conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b).  Moreover, if the motion, its attachments, and the records plainly show that the prisoner is not entitled to relief, the court must dismiss the motion.  28 U.S.C. § 2255, R. 4(b).

Petitioner brings this Motion *pro se*.  District courts are required to construe liberally pleadings filed by a *pro se* litigant to allow for the development of a potentially meritorious claim.  *See Boag v. MacDougall*, 454  U.S. 364, 365 (1982) (per curiam).  Such pleadings are held to a less stringent standard than those drafted by attorneys.  *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

## Discussion

As an initial matter, this Court cannot pass upon the merits of Petitioner's argument regarding his commercial building burglaries. As mentioned above, the Fourth Circuit considered, and then rejected, Petitioner's claim that burglary of a commercial building cannot count as an armed career criminal predicate offense. Petitioner makes that same argument here. A prisoner may not "recast under the guise of a collateral attack, questions fully considered" by an appellate court on direct appeal. *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976). Furthermore, an appellate court's express or implicit decision on an issue forecloses relitigation of that issue in a lower court. *United States v. Bell*, 5 F.3d 64, 66 (4th Cir. 1993) (citing *United States v. Bell*, 988 F.2d 247, 251 (1st Cir. 1993)). Thus, this Court cannot reconsider Petitioner's argument regarding his burglary convictions.

Additionally, because the Fourth Circuit held that, based on Petitioner's burglary convictions alone, Petitioner "was properly sentenced as an armed career criminal," *Irby*, 2011 WL 915791, at *1, this Court does not reach Petitioner's *Rivers* argument. *See Norfolk S. Ry. Co. v. City of Alexandria*, 608 F.3d 150, 161 (4th Cir. 2010) (stating that a court should not decide an issue if its resolution would have no practical effect on the outcome of the case).

Petitioner also challenges the sufficiency of his PSR. He first argues that his PSR did not adequately identify which of his prior convictions were considered to

be armed career criminal predicate offenses.  This argument is manifestly without merit.  Each predicate offense was identified as such with the following language or something similar: "**The above conviction is a predicate conviction for the Armed Career Criminal provision.**"  (*See* PSR 5–14, ECF No. 21 (emphasis in original).)

Petitioner also complains that the PSR failed to identify which predicate offenses the Court actually relied upon to sentence him as an armed career criminal. Petitioner's complaint misunderstands the nature of a PSR.  As its name suggests, a presentence investigation report is prepared before sentencing.  At that point in the case, the probation officer preparing the PSR cannot know which prior convictions the sentencing judge may later determine constitute predicate convictions under 18 U.S.C. § 924(e)(1) or U.S.S.G. § 4B1.4.  Petitioner's argument is without merit.

## Conclusion

A review of Petitioner's § 2255 Motion and the record plainly shows that Petitioner is not entitled to relief.  Therefore, this Court shall dismiss the Motion without requiring a response from the Government.  The Court declines to issue a certificate of appealability in this matter.[3]

------------------------

[3]    When a district court issues a final ruling on a habeas petition, the  court must issue or deny a certificate of appealability. *See* Rule 11(a) of the Rules governing 28 U.S.C. § 2254 and 2255.  The Court has reviewed its order and, pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 cases, declines to issue a certificate of appealability because Petitioner has not made a substantial showing of a denial of a constitutional right.  28 U.S.C. § 2253(c)(2); *Miller-El v.*

IT IS THEREFORE ORDERED that Petitioner's § 2255 Motion (ECF No. 102)

be DISMISSED.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

June 22 , 2011
Anderson, South Carolina

---

*Cockrell*, 537 U.S. 322, 336–38 (2003) (to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong) (*citing Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).